**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Pilar NORIEGA–ENCINAS, aka Jose Pilar Noriega–Encinas aka Jose Noriega–Encinas, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jose Pilar Noriega–Encinas,**
**Defendant–Appellant.**

Nos. 08–10284, 08–10292.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2009.

Filed June 10, 2009.

---

Aaron David Wegner, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, Plaintiff–Appellee.

Rosemary Marquez, Esquire, Marquez Law Firm, PLLC, Tucson, AZ, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: SCHROEDER, TASHIMA, and BEA, Circuit Judges.

## MEMORANDUM *

Jose Noriega–Encinas, a native and citizen of Mexico, appeals his conviction for illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326, on the ground the district court erred by finding him competent to stand trial.

■ First, the district court did not commit plain error by failing sua sponte to order an additional competency hearing the week before trial, because three other competency hearings in the previous ten years, including one six months before trial, had determined Noriega–Encinas was competent to stand trial and that he might have been malingering. *See Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.2001) (holding a competency hearing is necessary only if a reasonable judge would have a "bona fide" doubt about the defendant's competence).

■ Second, the district court's query whether Noriega–Encinas wished to proffer evidence or make a statement regarding his competency did not "shift" the burden of proof. It was an inquiry as to whether Noriega–Encinas wished to present evidence. Further, even if it had done so, the Supreme Court has held the allocation of the burden of proof "will affect competency determinations only in a narrow class of cases where the evidence is in equipoise." *Cf. Medina v. California,* 505 U.S. 437, 449, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). The number of evaluations that concluded Noriega–Encinas was com-

by 9th Cir. R. 36–3.

petent to stand trial (compared to the absence of any finding him incompetent) rendered the evidence far from "in equipoise."

■ Finally, the district court did not commit clear error by finding Noriega–Encinas competent. *See United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004). Several competency evaluations concluded he was competent, he presented himself lucidly and clearly during trial, and there was no evidence that Noriega–Encinas was unable to assist his counsel in preparing for or during trial.

**AFFIRMED.**